The first case on our call today is agenda number 5, number 130447. People of the State of Illinois v. Devin Jacobs Johnson. Counsel, are you prepared to proceed? Good morning, Robin. Gilbert Lenz from the Office of the State Appellate Defender on behalf of Devin Johnson. The trial court denied Mr. Johnson a fair trial when it refused to rule on his motion for a directive verdict made at the close of the State's evidence. When a defendant makes such a motion, he and his counsel are asking the court a question of law that only the court can answer. The court has all of the information it needs to answer that question, and the answer to that question is vital to the defendant and his decision whether to testify. The counsel's strategic decision is about how to advise the defendant and whether to present other evidence. That's why Section 115-4K of the Code of Criminal Procedure requires a trial court, in light of the defendant's constitutional right at stake in that moment, to rule on such a motion, a mid-trial motion for a directive verdict, before proceeding to the defense case. Counsel, is that statute, is it mandatory or is it directed? It's mandatory because it has the word shall, first of all, and it also has the phrase when the motion is, paraphrasing, when the motion is made at the close of the State's evidence. So the fact, I know the State has raised the fact that there's no remedy in the statute means that it's not mandatory, but very few statutes or Supreme Court rules that put forth mandatory procedural requirements contain the remedy in them. The question is whether the error in refusing to rule on the motion as required by the statute and the Constitution's denying the defendant a fair trial. Counsel, are we looking at an ambiguity in the language of the statute? I mean, we've got the word may and then we've got the word shall. Is it ambiguous? It's not ambiguous if read in light of the constitutional rights at stake in the moment. Part of this Court's analysis in determining the plain language is the purposes behind the statute and the consequences of interpreting the statute another way. So that's part of the plain language assessment. And here, the purpose of the statute is to not only protect the defendant's right to avoid conviction except upon proof beyond a reasonable doubt, but it's also to ensure that he has all the information he's entitled to before he and counsel make those vital strategic decisions that they're about to make in the State press. What about the language that provides when, at the close of the State's evidence or at the close of all the evidence, the evidence is insufficient to support a finding or verdict of guilty? What do we do with that language concerning the sufficiency of the evidence? Well, the legislature framed the statute in terms of the defendant's right to avoid conviction except upon proof beyond a reasonable doubt. There's no question that that's what the legislature had in mind. It was codifying what this Court said in Bruner a century ago about what the purpose of the motion is. But the legislature also included the right for a defendant to file the motion at the close of the State's evidence. And the only reason to allow a defendant to do that is in recognition of the fact that the motion and the Court's answer to the motion is vital information that the defense is requesting and has a right to request at that moment. So while it's framed in terms of the judge shall grant the motion, inherent in that is the defendant's right to obtain a ruling on the motion regardless of whether it's a denial, a grant, or a partial grant. How did it prejudice your client in this case? This error, in fact, was at its maximally prejudicial in this particular case. It's always prejudicial to withhold information from a defendant and his counsel that they're entitled to before they make those vital decisions. But that prejudicial impact is at its maximum in a case like this where the defendant's facing multiple charges with widely varying sentencing ranges. Those decisions look very different based on the Court's ruling. A defendant like Johnson was in a situation where he was facing attempted murder of 26 years to life if that attempted murder count went to the jury. The judge with reserved ruling on the motion, which instilled unnecessary doubt, uncertainty, perhaps even false hope in Johnson that he had a better – his cost-benefit analysis changed based on the Court's actions. He could have thought that he had a good – he and counsel could have thought that they had a decent chance of adding to his defense if he testified. But there's inherent risks in that. He would have been impeached with his prior conviction. He would have been impeached with his prior inconsistent statements. So that looks very different if you're facing 26 to life versus if the judge put out there the possibility that that count was going away and you're facing aggravated battery with a minimum sentence of six years. So this is where this particular error is maximally prejudicial in interfering with the defendant's and counsel's exercise of the defendant's fundamental rights. Counsel, what about the fact that the appellate court said the law is not settled on this issue, so how can we criticize if the law isn't settled? Well, the law – this Court – if this Court agrees, and the State, I believe, agrees with this proposition, that if this Court agrees that Section 115-4K, read in light of our Constitution, requires a trial court to rule on the motion for a directed verdict made mid-trial, then that's what the statute means. That's what the Constitutions require, and that's what they always required, regardless of the three appellate court cases that found that a judge may defer ruling with no analysis, no mention of the statute in one case. So do you agree that the law is unsettled at the time that this decision was being made by the trial court? I don't agree that it was unsettled because the three cases on the other side of the line were unreasonable and illogical – unreasoned, really. And this case – this Court, I believe, in MI – if I'm not confusing MI and MW here – but I believe in MI, this Court said that where there's contrary authority, if that contrary authority is unreasonable and illogical, that doesn't excuse counsel in that case for raising a claim based on the good authority, the reasoned authority. This Court found in MI that the law wasn't unsettled just because of the unreasonable decisions. Counsel, assuming – well, whether you assume that the law is unsettled or not, this is not the first time that this kind of issue has come up. So how do the federal courts handle this issue, and can we take any guidance from their approach? This Court can absolutely take guidance from the federal approach, and I think that's very instructive in this particular issue, because prior to 1994, the federal rule for decades was that a judge may not defer ruling on a mid-trial motion for a directed verdict. And it was specifically because of the defendant's constitutional rights at stake in that moment. But doesn't federal Rule 29b expressly allow the trial court to reserve ruling on a motion for judgment of acquittal until some later point, either at verdict, after verdict, or at some later point in the proceeding? It does now, yes, Your Honor. And that is because in federal court, unlike in Illinois courts, the government has an interest, has an ability, to appeal a court's granting of a motion for a directed verdict, but only after the jury returns a guilty verdict. So the drafters of the federal rules balanced those interests and said that a judge may defer ruling on a mid-trial motion for directed verdicts. But because the state may appeal that ruling, but when the court finally addresses the motion, it can only consider the government's case in chief in doing so. In Illinois, there's no need to adopt that federal rule because the state cannot appeal a granting of a motion for a directed verdict. There's no countervailing interest in a mid-trial motion for directed verdicts. The judge has all the information he, in this case, needs to rule on that motion. And there's no countervailing interest of the state in delaying the ruling. So in Illinois- So are you asking us to hold that a trial court must always rule on a motion for a directed verdict before the jury returns here, saying that this is an absolute and the trial court must always rule on that motion at that moment? Is that what you're asking us to do? In a way, yes, Your Honor. I mean, it depends on the meaning of at that moment. There's certainly a case like this, for example, the judge clearly was considering the motion and needed time to consider it. And that is certainly constitutionally tolerable. And I want to emphasize, this is a very small- Could I just use the word constitution? Could I go there for a minute? Sure. We certainly have some guidance from this Court in the area of when a court can defer a ruling and what it means if, after that issue is deferred, whether or not it is reviewable when the defendant is not testified. Of course, I'm referring to the Patrick-Phillips case and Averitt. Now, interestingly, in those two cases, one was January of 2009, one was in April 10, same panel, same vote. And many of the same issues discussed in the two cases. In fact, it seems like the Averitt case came before this Court to have an opportunity to explain what happened in the Patrick-Phillips case. But there, the issue was the deferred ruling was on whether or not an emotional limine of whether or not prior convictions would be admissible. And Averitt, again, referring to Patrick, said, we did not find deferred rulings on this issue result in a violation of constitutional rights. And it says no rights were denied, deferring this decision did not restrict the right to testify, and therefore, among other things, the consolidated case of Phillips, the defendant did not testify when there was a deferred ruling. And the Court reaffirmed in both these cases that, therefore, it was unreviewable and Mr. Phillips could not appeal that issue. Now, it sounds like you're arguing the opposite. You're saying that there are, in fact, a violation of constitutional rights in this case, in the issue that we have here today. I mean, you say that a number of different ways. So I really have three questions. One, which sections of the Constitution are you talking about? The United States Constitution, I assume, where you talk about a denial of constitutional rights. Two, how is the denial of a direct verdict so different from the issue of the motion to eliminate that Patrick and Averitt were talking about? Why is this so different from those cases? Why don't those cases control here? And then finally, are you asking us to overrule Averitt and Patrick? Taking those in order, Your Honor, we're arguing that, first, it's a statutory requirement, so it's a statutory violation. And that statute is bound up with defense of constitutional rights under the Fifth, Sixth, and Fourteenth Amendments, as well as the Illinois Constitution. And you know that Patrick and Averitt rejected the violation of those constitutional rights in the deferred decision. So turning to your second question, Your Honor, then, I believe that actually, this is an answer to the second and third question. This Court does not need to overrule Phillips and Averitt to agree with Johnson's position. And that is because Phillips and Averitt, especially Averitt, went out of their way to emphasize that those cases were about a judge's blanket policy of refusing to rule on specifically a motion, a Montgomery motion, or writ large, a motion to bar impeachment of the defendant if he chooses to testify. That's the key fact. There's been a lot of talk in both those cases, though, about there's no denial of the right to testify. That where there's a deferral of a decision, it becomes, I think it says, a difficult decision. And that in each of them, defendants face the same strategic and tactical decisions of uncertainty that they would – that they did not know what would happen if they would testify. And therefore, in accordance with our decision in Phillips, we conclude that the trial court's decision to defer ruling on defendant's motions is unreviewable. Why doesn't the idea that is contained in both Patrick and Averitt here, that these are – this is not a denial of a constitutional right? This is just making more difficult the – I think they use the word calculus – a decision whether or not to testify. Why don't those cases inform what we do here? Well, I think the Patrick case – the Patrick portion of the case should inform what this court does here. And the – again, Averitt was focused on a motion to bar impeachment. That's an error that can only occur if the defendant testifies. So the defendant – the way I believe that this court can agree with Johnson without overruling Phillips and Averitt is to say that Averitt is limited to its facts. Blanket policy, refusing to rule on a motion to bar impeachment, which is an error that can only occur if the defendant testifies. I agree with Your Honor that there may be some tension there. Averitt's – so alternatively, if this court finds that the Phillips-Averitt rule applies to this case, this court should reexamine those decisions because Averitt's assessment – We should overrule Averitt. If this court does not agree that this case can be factually distinguished based on the nature of the motion, then – and finds that the Averitt rule would apply to this case to deny Mr. Johnson relief, then absolutely this court should reconsider that decision because the Averitt majority misinterpreted the unanimous decision in Patrick, which clearly held that the error was of a constitutional nature, and it was of a constitutional nature precisely for the reasons that Mr. Johnson has argued here, that it interfered with his exercise of his right to testify, it interfered with his exercise of his right to effective counsel, it interfered with counsel's strategic decisions. All of the reasons identified in the unanimous Patrick decision are present here, and it's those reasons that this court granted the Patrick defendant a new trial, and it's why this court should grant Mr. Johnson a new trial. My inside counsel, the constitutional issue, is this issue forfeited? I mean, we have a situation here where defense counsel did not object to the judge taking it under advisement, made no request that I'm asking that you rule on this prior to proceeding. Is it forfeited? It's not forfeited, Your Honor. The state cites no case where a claim was found to be forfeited because a defense lawyer did not object to the court's action on his motion. Defense counsel made a motion here. Defense counsel made a strategic choice to file a motion for directive verdict at the close of the state's evidence. Defense counsel is not required to do that. It's a strategic choice to ask that question of law at that moment. Counsel is telling the court, I need this information, my client needs this information to make our decisions that we're about to make our high-risk, high-reward decisions. So the motion is what triggers the court's duty to rule. When the court takes it under advisement, there's no obligation on defense counsel to say, I object to that or I'm asking that you rule now. No, there's not. The motion triggers the court's duty to rule. And I would just say, you know, the reason a defendant has a right to file a motion for directive verdict mid-trial is bound up with all of his constitutional rights at stake in that moment. Defense counsel does not need to explain to the court. It's inherent in that motion to begin with. Defense counsel should not. I'm nervous about your yellow light, too. You are, too. When we talk about Patrick, there's a consolidated case of Phillips, right? And Phillips specifically talks about this idea of forfeiture, where in that case the defendant did not testify, like the case here, where the defendant did not testify. And the court in Phillips and then reaffirmed in Averitt says the fact that he did not testify means that any issues about the fact that the motion to eliminate was taken under advisement are not reviewable. Why does that apply here? Well, I think there's two aspects of forfeiture here, Your Honor, that need to be looked at. First is what counsel did or did not do. In all of the cases of Patrick Phillips, Averitt Tucker, in none of those cases did counsel specifically object to the court deferring ruling. In none of those cases did counsel explain why he or she wanted the ruling at that moment. And in none of those cases did the courts find it was forfeited based on what counsel did or did not do. Three of those cases found procedural default based on the defendant's decision not to testify. That's a different kind of- But doesn't Phillips talk about the can't have it both ways idea, saying that holding back when the defendant doesn't testify and then later on coming in and making an argument about the failure of the court to rule. They cite a case called Whitehead from this Court that defense counsel may not have it both ways by altering their trial strategy to make the best of the trial court's order, depriving the reviewing court of a reviewable record, and still maintain that the order was erroneously uttered. I mean, the Patrick case, Patrick Phillips, comes right out and says this strategy of not testifying, then holding back, and then later able to raise this argument would, in fact, be this habit either way, which is exactly what the trial court in our case here said. You know, you lay awake. You didn't make an objection. And now here after the jury's verdict has come in, now you're going to make this objection and you can't do that. Why doesn't the Phillips case, the Whitehouse case support what the trial judge did here? Could you answer my question? Yes. Well, again, I'll emphasize the two different points of possible forfeiture here. One is counsel's, what the State's calling failure to object. Counsel made the motion. The motion was the request for the ruling. The motion entitled Mr. Johnson to a ruling. That's implicit in this court's decision in Withers, which as kind of a CF citation, it said implicit in Withers was that the defendant has a right to a ruling at that time. Now, none of those cases found forfeiture based on counsel's failure to lodge a specific objection where he or she had to explain to the court why he was making the motion at that time. Separate from that is the procedural default found in Phillips, Avert, and Tucker based on defendant's choice not to testify. That ruling should be limited to the facts of those cases which involve a different kind of motion, a motion to bar impeachment, an error that can only occur if the defendant testifies. And Avert also added another layer that involved a blanket policy of the judge. So here what we have is a motion that's rooted in the Constitution. The defendant has a right to a ruling at that time. And deferring ruling has all the prejudicial impacts that this court identified in Patrick. And that's why Mr. Johnson should be granted a trial. Thank you very much, counsel. Counsel, if we have time. Good morning, Your Honors. Opposing counsel, and may it please the court. I'm Assistant Attorney General Madeline Callahan for the people. I would like to explain that in this case the only question before this court is whether the defendant is entitled to a new trial solely because the trial court did not rule on his motion immediately. Now, as an initial matter, defendant's claims are forfeited because he did not object to the trial court's decision to defer ruling at trial. And therefore, defendant's claims can be reviewed at most for plain error. And defendant cannot excuse his forfeiture under plain error because there was no clear or obvious reversible error. Because deferring a ruling on a motion for directed verdict does not violate Section 1154K. As the plain language of the statute does not require trial courts to rule on mid-trial motions immediately. And even if this court did construe Section 1154K's silence as a mandate for trial courts to rule immediately, that statute is directory and noncompliance is not prejudicial to the rights that the statute protects. Now, starting where my opponent dropped off, defendant's claims are in fact forfeited because defendant levied no objection during trial. The mere fact that defendant moved for a directed verdict does not on its face preserve the challenge he now makes. Which is not to the sufficiency of the evidence, but rather to the timing of the trial court's ruling on that motion. A motion for directed verdict solely challenges the sufficiency of the state's evidence. It raises no other challenge, and certainly not the trial court's decision to defer a ruling. And here, notably, defendant does not challenge the sufficiency of the evidence. The only thing defendant challenges is the timing of the ruling on the motion he made. These are two entirely distinct errors, and moving for directed verdict alone does not preserve the challenge, the separate challenge that defendant raises today. Counsel, in your opinion, is the statute ambiguous? No, Your Honor. The state's position is that the statute is not ambiguous. And the reason it's not ambiguous is because the when at the beginning of the statute is conditional. It's not temporal. It merely connotes that when evidence is insufficient, namely when the condition of insufficient evidence has been met, the court must enter a judgment of acquittal. And this brings us to why there was no clear or obvious error in this case, because deferring ruling is not a violation of Section 115-4K. Counsel, what about how in the statutory language there's a break here. It says the court may and on motion of the defendant shall make a finding. How do you explain what that language means? Your Honor, all that language means is that if the defendant moves for directed verdict, then at some point the trial court must enter a judgment of acquittal when the evidence is insufficient. And here, notably, the evidence was not insufficient, and there's no contention that it was. But even if it was insufficient, Section 115-4K's use of the word shall merely means that the trial court certainly cannot erroneously deny a motion for directed verdict in the event that evidence was, in fact, insufficient. But the language is silent as to time. Yes, Your Honor, exactly. And as this court has explained repeatedly, the court cannot read in limitations or caveats or exceptions that do not exist in statutory language, and none of those limitations exist here. And, in fact, construing the statute as silent on when a trial court must rule is consistent with this court's precedent in People v. Cross, where there the defendant moved for a mid-trial motion for directed verdict at the close of state's evidence. And instead of ruling immediately, the trial court allowed the state to reopen its case and make its proof. And this court held that deciding not to rule immediately was not an abuse of discretion, impliedly reading the statute as not necessarily prescribing that a trial court must rule on such a motion immediately before doing anything else. What about Appellant's argument that he was prejudiced by the deferral? Your Honor, there was no prejudice here for a myriad of reasons. First, defendant wouldn't be prejudiced by a deferred ruling because a ruling on a mid-trial motion for directed verdict only considers the state's evidence, regardless of when that ruling is entered. So defendant's contention that deferring ruling put him in a position of having to make this guessing game of not knowing how and whether his testimony would impact the ruling is of no import because the ruling, even if it was made after the verdict was rendered, is not going to consider any evidence the defendant presents. And additionally, defendant here was certainly not prejudiced, and it was belied by the record that he was not prejudiced because here, as soon as the court advised defendant that it was going to take his ruling under advisement and then asked defendant, do you wish to present any evidence, defense counsel immediately launched into admonishing defendant of his right not to testify and expressly asked defendant, you've already discussed this decision with counsel, right? And defendant said, yes, thereby indicating on the record, and that can be found in pages 614 to 616 of the record, thereby indicating that defendant had already discussed with counsel his decision not to testify and had already reached that decision before moving for a directed verdict, before receiving any ruling on directed verdict, and certainly before being advised that the trial court was taking that ruling under advisement. So defendant wouldn't have been prejudiced in any context because his testimony would not have had any bearing on the eventual ruling, but he certainly was not prejudiced in this case because he had already made that decision. Can I ask a question about sort of structural question here? Maybe I shouldn't use that word, but certainly since Patrick and Everett in the last 15 years, our discussions about error have changed. We've talked a lot about structural error and plain error and first prong and second prong, et cetera, and I'm just wondering if some of the statements that were made in those cases still hold true today, and certainly your opponent has raised a lot of ideas about other ways of looking at this as error. So in Patrick, the Court found that this was an error not to – no, no, no. The Court found it was an abuse of discretion not to rule on the motion in limine, to defer a motion in limine. So an abuse of discretion. And then it applied a harmless error. Really, I'm following through on where does prejudice fit in. The Court there followed a harmless error analysis, right? In Phillips, the Court said it was unreviewable because you couldn't do that kind of prejudice where the defendant didn't testify. Here, and then in Everett, they raised structural error, and the Court says this is not structural error to defer on a ruling, and also plain error, prong one and prong two. Lots of layers of how do we deal with this, and really, how do we think about prejudice? So can I ask you that? How should we think about, if we were to say that the failure to follow the statute, if we were to interpret the way the defendant asked us to, the appellant asked us to, how do we – under what rubric are we going to be looking at this idea of prejudice? Your Honor, if this Court did find that it was error to defer a ruling, then the question would become, under the plain error analysis, was there first or second prong plain error? And those questions come down to was the evidence so closely balanced that it was an equipoise and the verdict may have resulted from the error? Or alternatively, was the structural error such that prejudice is assumed and is essentially unprovable because it is such a pervasive error? Can I just back up one second? Patrick found it was harmless error. Where does harmless fit in? Harmlessness would fit in if this was indeed a constitutional question. And if – well, first of all, if the error were preserved, then the question would become was this harmless beyond a reasonable doubt? Here we don't need to venture into that territory because the errors were not preserved due to defendant's forfeiture. So that analysis doesn't come into play. The only analysis that comes into play is the plain error analysis, which requires first a clear or obvious reversible error, and if this Court finds a clear or obvious reversible error, then additionally either first prong plain error or structural second prong plain error. So because we're in plain error domain, the harmlessness question is of no import in this Court's analysis in this case. And that kind of gets into the fact that even if this Court found that Section 115.4k did contain some unwritten timing mandate for courts to rule immediately, this statute is indeed directory. While the use of the word shall means that it is mandatory insofar as there is a duty posed by the statute, there's a second inquiry that this Court looks to when determining whether or not any error under a statute necessarily warrants a new trial, and that's whether the statute is mandatory directory. Namely, it is presumed directory because it's a procedural timing requirement, and timing requirements are presumed to be directory for this Court's holding in In Re. Mi. And defendant cannot overcome this presumption and show that he's entitled to a new trial even if there was statutory error for two reasons. First, because the statute does not contain any language which denotes a consequence for noncompliance. And second, because deferring a ruling does not prejudice the right that the statute is intended to protect, namely the right to be acquitted when the evidence is not sufficient to sustain a conviction. And we know that this is the right that the statute actually protects due to the fact that this is the sole statute governing these kinds of motions for acquittal. As this Court noted in People v. Van Cleve, Section 115-4K is also the basis of a trial court's right to rule on motions for judgment notwithstanding the verdict. And there, this Court explained that motions for judgment notwithstanding the verdict are effectively the same as deferred motions for directed verdict because they provide the same relief and are applicable on the same insufficiency grounds. And so therefore, certainly, if this is the same statute that governs motions for judgment notwithstanding the verdict, which can necessarily only come after a defendant has already made his or her decisions about whether to testify and has received advice from counsel, then this statute is limited to governing a defendant's right to be acquitted when the evidence is insufficient. And a deferred ruling, whether that ruling is an acquittal or a denial, does not prejudice that right because a deferred acquittal renders a defendant equally acquitted regardless of when that acquittal comes. And a deferred denial, a properly deferred denial, meaning the evidence was indeed sufficient to convict, would mean that the defendant was not entitled to an acquittal in the first place because the evidence was sufficient. Now – So you, counsel, I get what you're saying is that it's – the statute's directory only in – as it relates to timing because in, you know, the statute as a whole is mandatory, which requires a ruling, but not necessarily when the ruling is issued. Is that correct, or should we find that it's – I mean, are you saying it's directory in terms of whether a ruling is ever issued? No, correct, Your Honor. It's directory insofar as timing is concerned. Certainly, if a defendant were challenging improper denial to a motion for directed verdict on grounds that it was – the evidence was insufficient, then that would be an entirely different question and could very much be grounds for reversal. But here – But what if it was never ruled on, if the trial court never ruled on it? I think that's kind of the question. Oh, my apologies. I misunderstood. If the trial court never ruled on it, I think that would be a very different question. It would certainly be a closer call, but in the event where a defendant does in fact get a ruling and certainly where that ruling is a proper denial because the evidence was sufficient, it's not prejudicial to the right to be acquitted. I think that in a different case where there was no ruling, perhaps the outcome could be different, but certainly it is directory with regards to the timing of when, you know, a final ruling is entered and whether that's immediate or whether that's after some other thing occurs in trial. Counsel, if the evidence is insufficient and a motion for a directed verdict is made, is it mandatory that the trial court make a decision? The evidence is insufficient. It's mandatory that the trial court make a decision at some point to acquit the defendant. But I'm talking about a case where the State has made their presentation. The defendant makes a motion for a directed verdict. The evidence is in fact insufficient. Must the trial court, is it mandatory that the trial court make a decision? Under People v. Cross, the answer to that would be no because People v. Cross held that the trial court did not have to enter its decision right away even though the evidence was pretty inarguably insufficient because instead the trial court allowed the State to reopen its case and make its proof in order to prove up the elements of the crime charged. And this court held that that was not an abuse of discretion. So you're not saying that the trial court never has to make a decision. You're saying at the time the motion is made. Yes, exactly, Your Honor. Merely that the trial court need not make a decision in the exact moment that the motion is made. Of course, the trial court must rule on motions at some point, but they are not required under the statute's language to rule instantaneously. And defendant claims that the rights prejudiced are his right to testify and his right to effective assistance of counsel, but neither of those rights are violated by a deferred ruling either. As Justice Tice noted, as explained in Averitt, a deferred ruling does not prohibit a defendant from testifying, nor does it compel him to testify. And it also does not rob him of the guiding hand of counsel or counsel's ability to give input and make strategic trial decisions. So is counsel argued that he felt that Averitt and that line of cases should be distinguished because in those cases the motion in limine set out very clearly what was going to be used if the defendant chose to testify. Is this situation different where we have a motion that isn't like, if you testify, then we're going to allow this in? So you really know what you're dealing with. Is it different here? Your Honor, it's only different insofar as the situation poses far less risk of prejudice than Averitt did. Because in Averitt and in Patrick, of course, when a defendant moves to exclude potential impeachment evidence and then the court says, I'm not ruling on that until and unless you testify, defendant is very much left in a position of not knowing whether his testimony is going to help him or hurt him. And nevertheless, the court here held that it was not a Fifth Amendment violation or a Fourteenth Amendment violation to not have that information. That namely, incomplete information and imperfect knowledge, even with motions in limine to exclude impeachment evidence, are not constitutionally violative. Here, certainly the motion on the table is different, but the risk of prejudice is far less. Defendant was in a position where even if the court had immediately denied his motion, as defendant claims he should have, that would not have given him any additional information on which to make his analysis. His analysis would have been exactly the same, namely evaluating the strength of the state's evidence and deciding whether or not to testify and whether or not his testimony would help him or hurt him. So while there are distinctions, they are essentially distinctions without a difference. And in fact, it would seem to cut the other way, that the risk of prejudice in Averitt and in Patrick was far greater than any risk posed here. And notably, as my opponent discussed, the fact that he did not testify makes these claims even harder to assess for prejudice. Really, it makes it impossible to assess. So even if a deferred ruling could have impacted defendant's decision whether to testify and could have implicated Fifth or Sixth Amendment concerns, which under Averitt it could not have, but even for the sake of argument, if it could have raised Fifth or Sixth Amendment questions, defendant would still need to show prejudice in order to show reversible error. And he's unable to do so. First, because defendant didn't testify, which leaves this court without any record on which to ascertain whether the outcome of trial would have been any different had the court ruled immediately. There's no way for this court to assess what, if anything, defendant would have said on the stand and what impact, if any, that may have had on the jury's verdict. And just like in Patrick and in Averitt, that renders these claims unreviewable. And presumably, the reason defendant has left this court without any record, including in his briefing, as to what prejudice may have resulted is because he can't. Because in the middle of trial, when he moved for a directed verdict, he admitted on the record that he had already discussed his decision not to testify with his counsel. And as the trial court noted, it seems that it was some form of trial strategy to let the perceived error go by, say nothing, and then seek reversal on those grounds, especially given the fact that defendant's decision in his mind had already been made up. And just very quickly on the forfeiture point, though there is clearly no clear or obvious reversible error, even if this court found there was some clear or obvious statutory or constitutional error, defendant would still not be entitled to a new trial because the error is not structural and the evidence was not an equipoise. There is no second or first from plain error. And so if there are no further questions, we would respectfully ask this court to affirm the judgment of the appellate court. Thank you very much. Thank you very much. Counsel in reply. Thank you, Your Honors. Just to clarify on CROSS, CROSS does not stand for the principle that a judge may defer ruling on a mid-trial motion for a directed verdict past the defense case. CROSS stands for the principle that a judge may defer ruling in the sense of allowing the state to reopen its case, excuse me, to prove up an element that it failed to prove up, and then rule on the motion. If the CROSS judge ruled on the motion before proceeding to the defense case, CROSS does not allow a judge to defer ruling to the jury verdict or pass the defense case. The prejudice from deferring a ruling past the defense case exists for all the reasons identified in Patrick that it interferes with the defendant's exercise of his rights of testifying to silence and to effective counsel. To return to one of Justice Cunningham's questions originally about if Mr. Johnson is asking his court to require courts to rule in the moment or, as counsel said, immediately, I want to emphasize we're talking about a very small number of cases here. As this court well knows, the vast majority of cases the judge will deny the motion immediately or very quickly. In a small minority of the cases, the judge will grant the motion or partially grant the motion. So in the small number of cases where the judge needs more time to consider, and Mr. Johnson is not saying that there are no cases where the judge might need more time to consider, the judge has to balance his, in this case, need for more time with the defendant's interest in getting a ruling. The defendant's right to get a ruling before proceeding to the defense case, and the judge may take whatever time he needs to make that ruling, but he must make that ruling before proceeding to the defense case. That's the rule we're asking. So just practically, how do you see this play out? The state rests, the defense makes, let's say, a sophisticated, complicated legal argument as to the sufficiency of the evidence, and what should the judge do? Can the judge take time to ask for briefing? Absolutely. And send the jury home? Yeah. I mean, a court has the discretion to manage its schedule. In a particular case where the question is difficult and the judge requires more time, requires more input from counsel, the judge must take that time and rule on the motion before proceeding to the defense case, and that might involve sending the jury home for the day, taking a longer break. Again, in the very small number of cases where this arises, that would be necessary, I guess. I don't think you are. You're not arguing that the court erred in denying the motion for directed murder. You're not arguing that there was, in fact, insufficient evidence in this case for conviction. Correct. But what the judge's ruling here did was particularly prejudicial, because the judge did not deny the motion before requiring Johnson and counsel to make these strategic decisions. The judge left open the possibility that he would grant the motion after the jury verdict. So that had a tremendous impact. Even if it's unclear, that had a tremendous impact on the decisions counsel and Johnson had to make. I think the court might want to draw a line between what kind of, you know, the state talks about how there's speculation required to determine whether there was prejudice. Well, what is the source? Why is it speculative? In some cases, a defendant will claim, well, I believe that's like the Rosenberg case, and will claim, well, I might have said this if the judge had behaved, had ruled differently. Well, in that case, the judge ruled on the motion, and the defendant disagreed with the ruling, but he had the information he needed. Here, the reason we're speculating about what might have happened if the judge had acted differently is that the judge was withholding information that only he could give, and there was no reason, because we're in Illinois, there's no reason to withhold that information. He wasn't withholding. He had not decided. I'm sorry. He was just deferring. I'm sorry. He was just deferring. He wasn't withholding because the judge had not decided. That's correct, but when he required Johnson to decide whether to testify and counsel to decide whether to present other evidence, well, before making that ruling, whether it's withholding, it's not disclosing the information that Johnson had a right to at that moment. So if there are no further questions, Your Honor, we would ask that you reverse the judgment of the appellate court and remand the circuit court for retrial. Thank you very much, counsel. This case, agenda number five, number 130447, People of the State of Illinois v. Devin Jacob Johnson, will be taken under advisement. Thank you both for your honor.